James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
MMM@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone:  702.214.2100

William C. O'Neil (admitted *pro hac vice*)
woneil@winston.com
Jeffrey J. Huelskamp (admitted *pro hac vice*)
jhuelskamp@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone:  312-558-5600

*Attorneys for Defendant The Hertz Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JILL HARRISON, an Individual,<br><br>Plaintiff,<br>v.<br><br>THE HERTZ CORPORATION, a Delaware Corporation, DOES I - X, Inclusive, and ROE Corporations I - X, Inclusive,<br><br>Defendants. | CASE NO.:   2:24-cv-00502-GMN-BNW<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY**<br><br>**(First Request)** |

Defendant The Hertz Corporation ("Hertz") and Plaintiff Jill Harrison ("Harrison") by and through their undersigned counsel of record, request an order modifying the parties' Stipulated Discovery Plan and Scheduling Order (ECF No. 14). This is the first stipulation to extend discovery.  In compliance with LR IA 6-1, the parties submit as follows:

**I.     STATEMENT OF DISCOVERY COMPLETED TO DATE**

- Hertz served its initial disclosures on July 3, 2024.

- Plaintiff served her initial disclosures on July 15, 2024.

- Hertz served its First Interrogatories to Plaintiff Jill Harrison (Interrogatory No. 1 through No. 10) on July 15, 2024.

1

- Hertz served its First Set of Requests for Production to Plaintiff Jill Harrison (Interrogatory No. 1 through No. 12) on July 15, 2024.
- Plaintiff served her Responses to Hertz's First Set of Interrogatories on August 28, 2024.
- Plaintiff served her Responses to Hertz's Requests for Production of Documents on August 28, 2024.
- Plaintiff served her First Supplement to FRCP 26 List of Witnesses, Production of Documents and Evidence on August 28, 2024.
- Plaintiff served her Supplemental Responses to Hertz's First Set of Requests for Production to Plaintiff Jill Harrison (Interrogatory No. 1 through No. 12) on November 20, 2024.
- Plaintiff served her Supplemental Responses to Hertz's First Interrogatories to Plaintiff Jill Harrison (Interrogatory No. 1 through No. 10) on November 20, 2024.
- Plaintiff served her Second Supplement to FRCP 26 List of Witnesses, Production of Documents and Evidence on November 20, 2024.
- Plaintiff served her Third Supplement to FRCP 26 List of Witnesses, Production of Documents and Evidence on December 6, 2024.
- Hertz served its Second Interrogatories to Plaintiff Jill Harrison (Interrogatory No. 11 through No. 14) on December 18, 2024.
- Hertz served its Second Set of Requests for Production to Plaintiff Jill Harrison (Request No. 13 through 17) on December 18, 2024.
- Hertz served its Notice of Videotaped Deposition of Jill Harrison on December 18, 2024.
- Plaintiff served her Fourth Supplement to FRCP 26 List of Witnesses, Production of Documents and Evidence on December 23, 2024.
- Plaintiff served her Notice of Taking the Deposition of Ki'Yana Scott on January 7, 2025.

- Plaintiff served her Notice of Taking the Deposition of Amanda Stover on January 7, 2025.

## II. SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED

The parties anticipate taking the depositions of Jill Harrison, Ki'Yana Scott, and Amanda Stover. Those depositions are all presently scheduled for January 21, 2025, but are being vacated to allow the parties to engage in settlement discussions.

## III. DISCOVERY REMAINING CANNOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN

Over the past few days, the parties have engaged in settlement discussions. The parties have agreed to extend the discovery cut-off by two months, to March 21, 2025 to allow the parties additional time to explore the possibility of settlement before incurring the additional expenses of completed the remaining depositions.

## IV. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

The parties have agreed to a discovery cut-off date of March 21, 2025 with corresponding deadlines as follows:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| **Discovery Cut-off** | January 21, 2025 | March 21, 2025 |
| **Amend Pleadings/Add Parties** | October 23, 2024 | No Change |
| **Expert Disclosures** | November 22, 2024 | No Change |
| **Rebuttal Expert Disclosures** | December 23, 2024 | No Change |
| **Dispositive Motions** | February 20, 2025 | April 21, 2025 |
| **Pre-Trial Order** | March 23, 2025 | May 23, 2025 |

If dispositive motions are filed, the joint pretrial order shall be due thirty (30) days from the entry of the Court's rulings on the motions or by further order of the Court. *See* LR 26-1(b)(5).

3

## V.    GOOD CAUSE EXISTS TO EXTEND TIME TO COMPLETE DISCOVERY

A stipulation to extend discovery deadlines must be supported by a showing of good cause. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017). "The good cause inquiry focuses primarily on the [parties'] diligence." *Derosa v. Blood Sys., Inc.*, No. 2:13-CV-0137-JCM-NJK, 2013 WL 3975764, at *1 (D. Nev. Aug. 1, 2013) (citation omitted). If, despite the parties' diligence, discovery cannot reasonably be completed within the deadlines, good cause to extend discovery exists. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Where an extension is requested less than twenty-one (21) days before expiration of a deadline, a showing of excusable neglect must be made. LR IA 6-1, *Derosa*, 2013 WL 3975764, at *1. "[W]hether neglect is excusable is an equitable [question] that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000); *Derosa*, 2013 WL 3975764, at *1 (applying Rule 60(b)(1)'s definition of excusable neglect to LR 26-4).

The parties have been diligent in pursuing discovery and any neglect assigned to the parties is excusable. First, there is no danger of prejudice. Both parties agree that it is in their best interests to extend the discovery cut-off to explore the possibility of settlement before additional fees and expenses are incurred. Second, the length of the delay will not substantively impact the proceedings as the parties will continue to actively conduct discovery should settlement discussions fail. Third, the parties' delay in submitting the stipulation is excusable. The parties have been actively engaged in discovery and only recently engaged in discussions to potentially resolve this matter.

4

1  This proposed Stipulation and Order to extend deadlines for discovery is made in good
2  faith, with good cause, and not for purposes of unduly delaying discovery or trial. Therefore, the
3  parties respectfully request that this Court grant the requested discovery extension.

4  DATED this 21st day of January, 2025.    DATED this 21st day of January, 2025.

5  PISANELLI BICE PLLC    RYAN ALEXANDER, CHTD.

6  By: /s/ M. Magali Mercera    By: /s/ Ryan Alexander
   James J. Pisanelli, Esq., #4027    Ryan Alexander, Esq., #10845
7  M. Magali Mercera, Esq., #11742    Richard A. Englemann, Esq., #6965
   400 South 7th Street, Suite 300    3017 West Charleston Blvd., Suite 10
8  Las Vegas, Nevada 89101    Las Vegas, Nv 89102

9  and    *Attorneys for Plaintiff*

10 William C. O'Neil (*pro hac vice*)
   Jeffrey J. Huelskamp (*pro hac vice*)
11 WINSTON & STRAWN LLP
   35 West Wacker Drive
12 Chicago, Illinois 60601-9703

13 *Attorneys for Defendant The Hertz Corporation*

**ORDER**

17  IT IS SO ORDERED.

   _____
   UNITED STATES MAGISTRATE JUDGE

   DATED: January 22, 2025

   CASE NO.:  2:24-cv-00502-GMN-BNW